Petros **SHAHINYAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–76997.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 24, 2007.

Law Office of Alexander Markman, San Diego, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Cynthia M. Shepherd, U.S. Department of Justice, Organized Crime and Racketeering Section, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Petros Shahinyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, adopting and affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales,* 432 F.3d 1037, 1039 (9th Cir.2005) (en banc). We review for substantial evidence, *Chouchkov v. INS,* 220 F.3d 1077, 1080 (9th Cir.2000), and we grant the petition for review and remand.

■ Substantial evidence does not support the IJ's denial of asylum based on an adverse credibility finding. First, the finding that Shahinyan's welding certificate is not authentic is based on impermissible speculation. *See Lin v. Gonzales,* 434 F.3d 1158, 1165 (9th Cir.2006).

Second, the IJ's finding that Shahinyan's testimony was contrary to the State De-

partment country report is not supported by substantial evidence because Shahinyan's testimony is not inconsistent with facts contained in the country report. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1144 (9th Cir.2005).

Finally, substantial evidence does not support the IJ's finding that Shahinyan's testimony was vague or implausible. *See Kaur v. Ashcroft,* 379 F.3d 876, 887 (9th Cir.2004) (stating that "a general response to questioning, followed by a more specific, consistent response" does not support an adverse credibility finding); *see also Ge v. Ashcroft,* 367 F.3d 1121, 1125 (9th Cir. 2004).

■ Furthermore, substantial evidence does not support the IJ's denial of asylum because Shahinyan failed to establish persecution on account of political opinion. Because Shahinyan was detained and beaten based on his participation in a human rights demonstration, and he was detained and beaten based on his opposition to Iran's nuclear program and his refusal to work in Iran, he establishes a nexus to an enumerated ground. *See Mamouzian v. Ashcroft,* 390 F.3d 1129, 1134 (9th Cir. 2004); *see also Chouchkov,* 220 F.3d at 1084.

We grant the petition for review with regard to the asylum, withholding of removal, and CAT claims, and remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.